IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ASHOK KAPUR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>USANA HEALTH SCIENCES, INC.,<br><br>Defendant. | ORDER<br><br>Case No. 2:07CV177DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on two competing motions: Irina Sech's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel; and The Steamfitters Local 449 Pension Fund's Motion for Consolidation, Appointment as Lead Plaintiff, and For Approval of Selection of Lead and Liaison Counsel

There are presently pending in this court three securities fraud actions against USANA Health Sciences, Inc. and certain of its officers brought by shareholders: 2:07cv177DAK; 2:07cv214TS; 2:07cv280BSJ.  The actions are brought pursuant to §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, and Securities and Exchange Commission Rule 10(b)(5).  The parties seeking to become Lead Plaintiff agree that the three actions should be consolidated because they involve common questions of law and fact.  *See* Fed. R. Civ. P. 42(a), DUCivR 42-1.  Defendant does not object.  Therefore, the court orders that the three matters be consolidated in this action because it is the lowest number case.  *See* DUCivR 42-1.  All further proceedings in

these case shall be captioned under Case No. 2:07cv177DAK.

Therefore, the only contested issue is selection of Lead Plaintiff and approval of Lead Plaintiff's counsel as Lead Counsel. Initially three parties sought to become Lead Plaintiff: Irina Sech, the Steamfitters Local 449 Pension Fund, and Marvin Mullholland. Marvin Mullholland, however, has withdrawn his motion.

## DISCUSSION

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), after the court decides to consolidate related actions, the court must appoint as Lead Plaintiff the movant who has the largest financial interest in the litigation seeking such appointment and who also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The lead plaintiff's choice of attorneys becomes lead counsel, subject to approval by the court. *Id.*

Under the PSLRA, the plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *Id.* § 78u-4(a)(3)(A)(i). Drier LLP filed the first action against USANA and published notice on March 26, 2007 on PRNewswire. Within sixty days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* §§ 78u-4(a)(3)(A) and (B).

The court shall then consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *Id.* § 78u-4(a)(3)(B). In determining

the "most adequate plaintiff," the PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that-- (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.*

The Ninth Circuit has stated that a district court should "examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

A.  **Largest Financial Interest**

Irina Sech argues that she has complied with the procedural prerequisites of the PSLRA and has demonstrated the largest financial interest in the litigation. During the Class Period, Sech suffered losses of $14,706–the Steamfitters Fund lost only a third of that, $4014.96. Pursuant to the PSLRA, once a court finds that a movant has the largest financial interest in the litigation, the court affords that movant a rebuttable presumption as most adequate plaintiff. *See In re NPS Pharms. Inc.,* 2006 U.S. Dist. LEXIS 87231, at *6 (D. Utah Nov. 17, 2006).

"Once the rebuttable presumption described in the PSLRA is established, it may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff: (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* at *11-12.

The Steamfitters Fund claims that institutional investors, like itself, are preferred as Lead Plaintiffs. The Steamfitters Fund argues that the Congressional objective in enacting the Lead Plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

In *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 821-22 (N.D. Ohio 1999), the court explained that "[t]he institutional investor is not presumptively the most adequate plaintiff solely by virtue of its status as an institutional investor, however. If that were the case, Congress would have simply provided that institutional investors are presumptively the most adequate plaintiffs, regardless of the size of financial loss, and saved the Court from the need to engage in the very analysis it undertakes here. Instead Congress chose to use the size of financial loss as the initial proxy for determining whether a particular plaintiff would be the 'most adequate plaintiff.'"

While the legislative history reflects that Congress intended the Lead Plaintiff provisions to increase the likelihood that institutional investors would participate in litigation as a result of the size of the holdings held by such institutions, it did not choose to make any special preference for institutional investors in the plain language of the PSLRA.

**B.  FRCP 23**

Because Sech is presumptively the most adequate plaintiff to prosecute the action based on her financial losses, the Steamfitters Fund must prove that Sech fails to meet the requirements of Rule 23 by being either atypical or inadequate. Sech, however, asserts that she meets the

4

requirements of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." A party moving to become lead plaintiff must make showings of typicality and adequacy that are only preliminary in nature. *Meyer v. Paradigm Med. Indus.*, 225 F.R.D. 678, 680 (D. Utah 2004); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 407 n.8 (D. Minn. 1998).

Generally, typicality requires that a plaintiff's claims be aligned with those of the putative class, as indicated by similar legal theories. *Bayles v. AM. Med. Response*, 950 F. Supp. 1053, 1060 (D. Colo. 1996) ("Typicality exists where the injury and the conduct are sufficiently similar."). And, in the Tenth Circuit, the "[c]riteria for assessing adequacy of representation include whether the plaintiff has common interests with the class members and whether the representative will vigorously prosecute the interests with the class through qualified counsel." *Schwartz v. Celestial Seasonings, Inc.,* 178 F.R.D. 545, 552 (D. Colo. 1998). "The PSLRA directs courts to limit [their] inquiry regarding adequacy to the existence of any conflicts between the interests of the proposed lead plaintiffs and the members of the class." *Meyer*, 225 F.R.D. at 681.

Sech claims that she suffered substantial losses as a result of Defendant's materially false and misleading statements. These claims are clearly aligned with the interests of the members of the Class, who similarly suffered losses because of defendants' allegedly false statements to the market. There is no antagonism between the interests of Sech and those of the other members of the Class. In addition, her counsel is qualified and experienced in complex litigation.

The Steamfitters Fund does not raise any conflicts or defenses that make Sech atypical or inadequate. Instead it seems to focus on the fact that an institutional investor is superior in its

ability to supervise litigation and Sech has not provided evidence of her education or her familiarity with the litigation process.  Sech claims that the Steamfitters Fund's assertion that she has the burden to "demonstrate her education, experience in the stock market, or experience in securities class actions" as part of her prima facie showing of adequacy is contrary to prevailing PSLRA jurisprudence and a lead plaintiff has no such burden.

In *Tanne v. Autobytel*, 226 F.R.D. 659, 671 (C.D. Cal. 2005), the court rejected the argument that the individual with the largest losses was inadequate because he did not have experience investing in securities or monitoring and overseeing counsel.  The court held that the movant was adequate because he retained qualified and competent counsel, his interests were not antagonistic to those of absent class embers, and there was no evidence that his action was collusive.  *Id.*  The court need not compare attributes of competing individual and institutional investors because "so long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job."  *Id.*

The court concludes that Irina Sech is the most adequate Lead Plaintiff.  She has three times the amount of losses as the Steamfitters Fund, and there is no reason under Rule 23 to appoint the Steamfitters Fund instead of Sech.  Sech has no conflicts, her claims are aligned with the others plaintiffs, and she is not subject to any unique defenses.  In addition, her counsel is competent and experienced.  The court finds it unnecessary to inquire in any other attributes of the competing movants.

Alternatively, the Steamfitters Fund argues that it should be appointed co-lead plaintiff.  The court finds co-lead plaintiffs to be unnecessary, duplicative, and against the interests of the

class. *Tyler v. AstraZeneca, PLC*, 2006 WL 399483, at *2 (S.D.N.Y. Feb. 16, 2006) ("The court finds no need to complicate the proceedings with co-lead plaintiffs"); *In re Cree, Inc.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003) ("Plaintiffs have not identified, nor has the court determined, any reason why co-lead plaintiffs would be helpful or appropriate or why the presumptive lead plaintiff alone should not be appointed.  A single lead plaintiff could reduce expenses and facilitate the control and prosecution of this litigation.").  In *Tanne*, the court rejected an institutional investor's attempts to be named co-lead plaintiff, concluding that "a co-lead plaintiff structure is unnecessary and might harm the class by dividing responsibility for the supervision of class counsel." 226 F.R.D. at 673.  In this case, the interests of the class will be adequately represented by Sech and her counsel.

With respect to the appointment of Lead Counsel, the Lead Plaintiff's choice of counsel should not be disturbed unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B0(iii)(II)(aa).  The attorneys at Dreier LLP have extensive experience litigating securities class actions such as this one and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  Dreier LLP has associated with Jan Graham as local counsel, who is a highly competent and well regarded attorney in this District.  Therefore, the court approves of Plaintiff's selection of the law firm of Dreier LLP as Lead Counsel and Jan Graham as associated local counsel.

## CONCLUSION

Based on the above reasoning, Irina Sech's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel is GRANTED.  The Steamfitters Local 449 Pension Fund's Motion for Consolidation, Appointment as Lead Plaintiff, and For Approval

of Selection of Lead and Liaison Counsel is GRANTED with respect to consolidation and DENIED in all other respects.

The cases against USANA currently pending before Senior Judge Jenkins, 2:07cv280BSJ, and Judge Stewart, 2:07cv214TS, are consolidated into this action. All proceedings in 2:07cv177DAK, 2:07cv214TS, 2:07cv280BSJ shall be captioned under 2:07cv177DAK. The court appoints Irina Sech as Lead Plaintiff and approves of her selection of Dreier LLP as Lead Counsel and Jan Graham as associated local counsel.

Lead Plaintiff shall file an Amended Consolidated Complaint within 45 days of the date of this Order.

DATED this 17th day of October, 2007.

BY THE COURT:

_____
Dale A. Kimball,
United States District Judge